UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANITA PETTENGILL, :
    Plaintiff, :
     :
v. : 3:13cv154 (WWE)
     :
     :
FIREMAN'S FUND INSURANCE, :
COMPANY, FIREMAN'S FUND :
INSURANCE COMPANIES, :
    Defendants. :

## MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Anita Pettengill has brought this action against Fireman's Fund Insurance Company and Fireman's Fund Insurance Companies. Plaintiff has alleged breach of contract, negligent infliction of emotional distress, violation of the Connecticut Unfair Trade Practices Act ("CUTPA") and Connecticut Unfair Insurance Practices Act ("CUIPA"), and respondeat superior.

After defendants filed a motion to dismiss, plaintiff filed an amended complaint. Defendants filed a second motion to dismiss relevant to the amended complaint's claims of negligent infliction of emotional distress, violation of CUTPA, and respondeat superior. For the following reasons, the motion to dismiss the amended complaint will be granted.

## BACKGROUND

The following background is taken from the allegations of the complaint, which are considered to be true for purposes of ruling on a motion to dismiss.

Plaintiff was the owner of a family home in Newtown, Connecticut that was

insured under a contract issued by defendant Fireman's Fund Insurance Company. Plaintiff's home and personal property were destroyed by a fire. Plaintiff was forced to obtain temporary housing and incur other costs and expenses, some of which were covered by the insurance policy.

On October 18, 2012, defendant Fireman's Fund Insurance Company issued a letter stating: "This property does not meet our guidelines for acceptability due to the discovery of fraud or material misrepresentation in the processing of a claim. Please contact your Insurance Representative for assistance." Plaintiff requested information from defendant concerning the reason for its cancellation decision. Defendant did not respond.

Plaintiff has not been reimbursed for her personal and real property losses resulting from the fire.

## **DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss for failure to state a claim, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the

alleged conduct. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### Negligent Infliction of Emotional Distress

Plaintiff alleges that defendant Fireman Fund's Insurance Company's failure to pay her benefits due under the insurance contract has caused her emotional distress. Defendant asserts that plaintiff has failed to provide allegations to state a plausible claim that defendant negligently inflicted emotional distress.

To prevail on a claim of negligent infliction of emotional distress, plaintiff must prove that defendant knew or should have known that its conduct involved an unreasonable risk of causing emotional distress and that the distress if it was caused might result in illness or bodily harm. Thomas v. Saint Francis Hospital and Medical Center, 990 F. Supp. 81, 91 (D. Conn. 1998). The distress experienced by plaintiff must be reasonable in light of a defendant's conduct. Barrett v. Danbury Hosp., 232 Conn. 242, 261 (1995).

In this instance, plaintiff has failed to allege that defendant should have known that its infliction of emotional distress might cause distress severe enough to result in illness or bodily harm. Plaintiff has not alleged factual allegations to support the essential elements of an emotional distress claim based on failure to pay an insurance claim. Accordingly, plaintiff's negligent infliction of emotional distress claim is not plausible and will be dismissed.

### CUTPA/CUIPA

Plaintiff alleges a CUTPA claim based on violation of certain CUIPA provisions concerning misrepresentation and false advertising of insurance policies, false information and advertising, unfair settlement practices, and failure to maintain

complaint handling procedures. Conn. Gen. Stat. § 38a-816(1)(2)(6) and (7).

It is well settled that violations of CUIPA may be alleged as a basis of CUTPA. Nazami v. Patrons Mut. Ins. Co., 280 Conn. 619, 625 (2006).

Plaintiff has alleged that defendant has not paid her insurance claim or responded to her request for information concerning its reason for cancelling her policy. However, plaintiff has not alleged any facts to support plausible claims of the alleged CUIPA violations. Plaintiff's allegations recite the statutory provisions but allege no specific conduct by defendant to support her claims. A plaintiff must allege facts describing conduct that is proscribed by CUIPA. See Martin v. American Equity Ins. Co., 185 F. Supp. 2d 162, 167 (D. Conn. 2002) (dismissing CUIPA/CUTPA claim that failed to allege facts supporting claim of CUIPA violation). Bald assertions and conclusions of law cannot survive a motion to dismiss. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

Further, a claim of unfair settlement practices in violation of Section 38a-816(6) requires plaintiff to plead that defendant engaged in alleged misconduct as a business practice. Lees v. Middlesex Ins. Co., 229 Conn. 842, 849 (1994) ("defendant's alleged improper conduct in the handling of a single insurance claim ... does not rise to the level of a 'general business practice' with sufficient frequency as required by Section 38a-816."). Here, construing the inferences of the complaint in favor of plaintiff, she has alleged only that her claim was mishandled, which is insufficient to survive this motion to dismiss. See Altice v. Nationwide Mut. Ins. Co., 2009 WL 1474953, *3 (D. Conn. 2009).

The CUIPA/CUTPA claim will be dismissed.

Respondeat Superior

Plaintiff alleges a claim of respondeat superior against Fireman's Fund Insurance Companies. Defendants assert that Fireman's Fund Insurance Companies is not a legal entity and that respondeat superior does not represent a cause of action.

This claim will be dismissed because respondeat superior is a theory of liability rather than an independent cause of action. United Rentals, Inc. v. Wagner, 2008 WL 2167021, *4 (D. Conn. 2008)

Leave to Amend

Plaintiff has already amended her complaint once to correct the deficiencies argued in defendants' motion to dismiss. Accordingly, the Court will dismiss plaintiff's claims with prejudice rather than afford her another opportunity to amend the complaint.

## **CONCLUSION**

Based on the foregoing, defendants' motion to dismiss [doc. # 27] is GRANTED.

Plaintiff is instructed to file an amended complaint that alleges the remaining claim of breach of contract within fifteen days of this Ruling's filing date.

```
_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE
```

Dated this _12th_ day of August, 2013 at Bridgeport, Connecticut.