UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANITA PETTENGILL,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    3:13cv154 (WWE) |
| | :<br>: |
| FIREMAN'S FUND INSURANCE,<br>COMPANY,<br>    Defendant. | :<br>:<br>: |

## RULING ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Anita Pettengill has brought this action against defendant Fireman's Fund Insurance Company ("Fireman's Fund"). Plaintiff alleged breach of contract, negligent infliction of emotional distress, violation of the Connecticut Unfair Trade Practices Act ("CUTPA") and Connecticut Unfair Insurance Practices Act ("CUIPA"). After this Court dismissed plaintiff's claims of negligent infliction of emotional distress and CUTPA/CUIPA violation, plaintiff amended her complaint to assert the remaining breach of insurance contract. In its answer, defendant alleged several affirmative defenses including, inter alia, fraud. Defendant also counterclaimed that plaintiff is liable for fraud and breach of contract.

### Background

Defendant has submitted a statement of material facts in compliance with the Local Rules of Civil Procedure. Plaintiff, who is represented by counsel, has not filed a responding statement of facts in compliance with this District's Local Rules of Civil Procedure. The Court has culled the following factual background from the allegations of the complaint and the parties' evidentiary submissions on this motion for summary

judgment. Because plaintiff has failed to comply with Local Rule of 56(a)(2), all properly supported material facts set forth in defendants' 56(a)(1) statement are deemed admitted. Lewis v. Cavanaugh, 2015 WL 540593, at *1 (D. Conn. 2015).

Plaintiff's property located in Newtown, Connecticut, was insured by Fireman's Fund with effective dates of October 22, 2010, to October 22, 2011. The policy provided separate insurance limits for plaintiff's (1) "dwelling" or "primary living structure on the residence premises and structures attached to it;" (2) "other structures" that were "on the residence premises set apart from the dwelling by a clear space or connected to the dwelling by only a fence, utility line or similar connection;" and (3) "personal property." Each of these three separate coverages had individual coverage limits of $1,203,000, $240,600 and $842,100, respectively.

In June 2011, the property suffered fire damage. On November 18, 2011, plaintiff submitted a signed sworn Proof of Loss to Fireman's Fund for fire damage to the building structures at the property. The Proof of Loss represented that the full replacement cost of the property at the time of the fire was $1,114,093.48. Plaintiff included an estimate from Mannarino Builders and Restoration, LLC. The estimate represented that demolition costs would amount to $56,000, and that repairwork to the outbuildings would amount to $5,500.

In October 2012, defendant denied plaintiff's claim on the grounds of fraud, misrepresentation and concealment. Thereafter, plaintiff filed this action.

During the pendency of the instant action, the representatives, successors, and assigns of Countrywide Home Loans, which held the mortgage on plaintiff's property and is named as the mortgagee on the relevant insurance policy, brought suit against

defendant in a separate action entitled Bank of New Mellon v. Fireman's Fund Insurance Co., 3:13cv1015 (JBA). In that case, the plaintiffs alleged that the mortgagee named in the policy was entitled to recovery under the policy for fire damage to the property in which it held a secured interest. Fireman's Fund settled that case with a $600,000 payment to the mortgagee in connection to the fire damage claim. On June 4, 2015, the litigation was dismissed with a stipulation of dismissal.

According to plaintiff's damages analysis and initial disclosures relevant to this case, plaintiff seeks to recover $1,203,000 for the total loss of her residence; $240,000 for total loss of other structures; $842,100 for personal property loss; and $28,815 for house demolition costs.

## Discussion

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). If a nonmoving party has failed to make a sufficient

showing on an essential element of her case with respect to which she has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

### Set Off

Fireman's Fund argues that it is entitled to summary judgment on its affirmative defense for a set off of the $600,000 paid in to the mortgagee in connection with the fire damage to the property.

Under Connecticut law, a mortgagee may seek reimbursement from an insurer for a loss pursuant to an insurance policy, Buritt Mut. Sav. Bank v. Transamerica Ins. Co., 180 Conn. 71, 75-76 (1980); and an insured should not be permitted to obtain a double recovery under an insurance policy. Chapman Lumber, Inc. v. Tager, 288 Conn. 69, 111 (2008); see also McCants v. State Farm Fire and Cas. Co., 2014 WL 660842, *8 (Conn. Super. Ct. Jan 24, 2014) (insurance company was entitled to set off of amount paid to mortgagee).

In her opposition, plaintiff asserts that Fireman's Fund's defense is barred because Fireman's Fund had asserted as an affirmative defense that the Policy was void due to plaintiff's fraudulent acts. However, defendant is entitled to plead alternative affirmative defenses, which each represent a defense legal theory. Since legal theories are not considered to be judicial admissions, New York State Now v. Terry, 159 F.3d 86, 97 n.7 (2d Cir. 1988), the Court finds that Fireman's Fund is not barred from asserting its seventh affirmative defense.

Plaintiff has failed to demonstrate that she has not benefitted from the $600,000

reduction to her mortgage paid by Fireman's Fund.  Accordingly, the Court will grant the motion for summary judgment as to Fireman's Fund's seventh affirmative defense.

Initial Disclosures

Fireman's Fund seeks to prohibit plaintiff from presenting at trial her damages claim for "Total Loss of Other Structure" and "House Demolition Cost" as set forth in her initial disclosures.  Fireman's Fund argues that plaintiff's initial disclosures represented damages amounts that were not reflected in her prior Proof of Loss and that are not substantiated by the estimate provided by Mannarino Builders.  Fireman's Fund observes that plaintiff appears to be claiming as stand-alone costs amounts that were incorporated into the overall rebuild estimate.

Plaintiff has failed to pose any opposition to Fireman's Fund argument. "Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way." Taylor v. City of New York, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003).  Accordingly, summary judgment will be granted.

### Conclusion

For the foregoing reasons, the motion for partial summary judgment (doc. #78) is GRANTED.

Dated this 18th day of July, 2016, at Bridgeport, Connecticut.

/s/Warren W. Eginton
Warren W. Eginton
Senior U.S. District Judge